Ejectment, common rule, not guilty, and issue. — The defendant relied principally upon the statute of limitations, and produced a grant which had not been countersigned by the secretary.
It was objected that this was no grant, as it wanted one of the essential requisites of a grant, the counter signatures of the Secretary of State. November, 1777, c. 1, § 15; 1783, c. 2, § 15.
This is a good grant, notwithstanding the secretary has omitted to countersign it. The grant is authentic, and passes the interest of the State when the governor puts his signature and the seal of the State.
The act as to the counter signature by the secretary and recording the same, is directory; and should the secretary neglect to do his duty it should not operate to the prejudice of the grantee in making his grant void.[1] Suppose a person takes a deed to a register of a county, who returns it as registered, when in truth it was not; this neglect shall not injure the owner of the deed. In fact it must be considered as registered from the time it is left with the register, the owner having performed all the law required of him.
[1] See Hardin, 348, 508; 3 Binn. 30, 32; Taylor v. Quarles Brown, S. C. U. S. 1812, MSS.